**Ruggero D'ONOFRIO Plaintiff,**

v.

**IL CORRIERE DELLA SERA,
et al. Defendants.**

**No. Civ.A.03–CV–6705.**

United States District Court,
E.D. Pennsylvania.

June 17, 2005.

Rudolph J. Di Massa, Esq., Di Massa & Assoc. Ltd., Philadelphia, PA, for Plaintiff.

Faustino Martioni, Esq., Martioni Ltd., Philadelphia, PA, Jeremy J.O. Harwood, Esq., A. Christopher Young, Esq., Pepper & Hamilton, Jocelyn Jacobson, Esq., Leo G. Kailas, Esq., New York City, for Defendants.

## EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

Plaintiff Ruggero D'Onofrio ("D'Onofrio") filed suit on December 12, 2003 against twenty-two Italian newspapers, radio and television stations alleging that from December 2, 1995 through December 12, 2001, the defendants "jointly and severally engaged in a dastardly inquisition more offensive to honor and liberty than any other in recent history" and seeking compensatory damages of $13 million with interests and costs, attorney fees of $250,000, and punitive damages of more than $13 million. (Compl. at 3–8.) D'Onofrio's counseled complaint, generously read, includes claims for defamation, false arrest ("via the Carabinieri"), false imprisonment ("by the Italian authorities"), fraud, and violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[1] (Compl. at 21–33.)

D'Onofrio alleges that while he was on a secret CIA mission to Italy,[2] all twenty-two named defendants defamed him by accusing him, *inter alia,* of having Mafia connections, laundering money through the Vatican bank, running gold, drugs and guns, selling nuclear weapons to enemies of the United States, ordering the murder of an Italian intelligence agent, poisoning Pope John Paul I, and assassinating Israeli Prime Minister Yitzhak Rabin. He alleges that this defamation led to his arrest and imprisonment by Italian authorities. D'Onoforio alleges that the defendant's acts occurred between December 2, 1995 and December 12, 2001, but he does not identify any particular acts of defamation attributable to the moving defendants.

On October 18, 2004, I issued an order dismissing defendants *Il Corriere della Sera, La Stampa, Il Messaggero, Il Foglio,* and *La Repubblica* from the case for lack of personal jurisdiction. Defendants RAI–1 Television Newscast and Special Servives, RAI–2 Television Newscast—Compania, RAI–3 National and Regional Television Newscast and Special Services, and RAI–1 Radio Transmissions (collectively, "the RAI defendants"), as well as defendants Channel 4—Television Newcasts, Channel 5—Television Newscasts, and Italia 1—Television Newscasts (collectively, "the RTI defendants") have now filed motions to dismiss based on lack of personal jurisdiction, *forum non conveniens,* insuffi-

---

1. D'Onofrio also takes issue with actions of the defendants that "profaned and degraded the memory of Cesare Beccaria (1739–1794), the Italian criminologist." (Compl. at 34.) Voltaire and Catherine the Great also play roles in this allegation. However, I discern no cause of action in that portion of the complaint.

2. "The mission and assignment remain unrevealed." (Pl.'s Mem. Opp. Mot. Dismiss at 1.)

cient service of process, and failure to state a claim due to expiration of the statute of limitations.

At the outset, I dismiss D'Onofrio's claims based on violations of the United States Constitution for failing to allege state action. I also dismiss his general averment of fraud for failure to plead with particularity.[3] Fed.R.Civ.P. 9(b). *E.g., Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir.2004).

The remainder of D'Onofrio's claims could be dismissed on any number of grounds. D'Onofrio has not provided any response whatsoever with respect to the defendants' motions to dismiss based on expiration of the statute of limitations. Because the face of the complaint shows that plaintiff's claims were brought after the expiration of the statute of limitations,[4] the complaint will be dismissed on those grounds.[5]

■■■■ In the alternative, I will dismiss on grounds of *forum non conveniens*. There is ordinarily a strong presumption in favor of the plaintiff's choice of forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 236, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). That presumption may be overcome when "the private and public interest factors clearly point towards trial in the alternative forum." *Id.* As the Supreme Court summarized:

> The factors pertaining to the private interests of the litigants include[ ] the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." The public factors bearing on the question include[ ] the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.* at 241 n. 6, 102 S.Ct. 252 (citations omitted.)

3. The RAI defendants, not unreasonably, characterized D'Onofrio's complaint as including only a claim for defamation. (Mem. Supp. Mot. Dismiss at 2.) D'Onofrio did not dispute that characterization in his responsive memoranda.

4. The statute of limitations for defamation actions in Pennsylvania is one year. 42 Pa. C.S.A. § 5523(1). Plaintiff's complaint does not allege any conduct occurring after December 12, 2001 and was not filed until December 12, 2003, two years after the last alleged act of defamation.

The statute of limitations for false arrest and false imprisonment in Pennsylvania is two years. 42 Pa.C.S.A. § 5524(1). The complaint indicates that D'Onofrio's arrest, detention, and release occurred before December 28, 1995. (Compl. at 15–16.) He filed his complaint nearly eight years after that date.

5. D'Onofrio has also not responded to the defendants' arguments regarding insufficient service of process. None of the named defendants are legal entities capable of being sued—the RAI defendants are each an internal division of RAI Radiotelevione Italiane SpA and the RTI defendants are each Italian television news programs owned by Reti Televisive Italiane SpA. Under normal circumstances these defects would at most be grounds for dismissing the complaint without prejudice with leave to amend or quashing service of process under Rule 12(b)(4) or Rule 12(b)(5). However, because the complaint must be dismissed for other reasons, I ultimately will dismiss the complaint with prejudice with respect to these defendants.

D'Onofrio does not challenge, and indeed his complaint and memoranda largely confirm, that nearly all relevant events took place in Italy, that all defendants are Italian media entities, that D'Onofrio lived in Italy at the time in question, and that most potential witnesses, including Italian government officials, reside in Italy. In fact, the only connections this case has with the Eastern District of Pennsylvania are that the plaintiff currently resides here and this district is one of countless other jurisdictions throughout the world in which the allegedly defamatory statements were broadcast. Further, the interests of judicial economy favor dismissal both because the allegedly defamatory statements are in a foreign language and the involvement of an Italian Court would be necessary to enforce a judgment of this Court against the defendants. D'Onofrio's only response with respect to the defendants' arguments for dismissal on grounds of *forum non conveniens* is an unsupported assertion that Italy is a hostile forum. He has not presented any articulable basis for why he believes that it is so. In all other respects, Italy is an adequate forum. The public and private interest factors therefore weigh heavily in favor of dismissal, and the complaint will be dismissed in the alternative on grounds of *forum non conveniens.*

Finally, with respect to personal jurisdiction, the moving defendants are similarly situated to the defendants I previously dismissed on the ground of lack of personal jurisdiction in my October 18, 2004 Explanation and Order. The only relevant distinction is that plaintiff has now supplemented the record with an affidavit from one Peter Di Maggio who asserts that the defendants currently transmit radio and television programs into the state of Pennsylvania and that he recalls that previous broadcasts contained some of the defamatory charges recounted above. While du-

bious that such an assertion could justify the exercise of personal jurisdiction over the defendants, in light of the alternative grounds for dismissal cited above, I decline to reach the question.

**AND NOW,** this ___ day of June 2005, upon consideration of the motions to dismiss filed by defendants RAI–1 Television Newscast and Special Services, RAI–2 Television Newscast–Compania, RAI–3 National and Regional Television Newscasts and Special Services, RAI–1 Radio Transmissions, Channel 4–Television Newscasts, Channel 5–Television Newscasts, and Italia 1—Television Newscasts (Docket # 47 and # 48) and plaintiff's response, it is hereby **ORDERED** that the motions are **GRANTED**. Moving defendants are dismissed from the case.